IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. KAIRYS, | Civil Action |
| Plaintiff, | No. |
| v. | |
| SOUTHERN PINES TRUCKING, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL COMPLAINT

Plaintiff, Thomas J. Kairys, by undersigned counsel, files this Civil Complaint, and in support states the following.

### I. Jurisdiction and Administrative Exhaustion

1. Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Plaintiff has exhausted the administrative remedies set forth under the Americans with Disabilities Act and the Age Discrimination in Employment Act as follows:

   a. On October 19, 2018, he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination, and cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

   b. On May 24, 2019, the EEOC issued a Notice of Right to Sue; and

   c. Plaintiff filed this action within 90 days of receipt of that Notice.

### II. Parties

3. Plaintiff, Thomas J. Kairys, is an adult individual who resides in Mars, Pennsylvania.

1

4. Defendant, Southern Pines Trucking, Inc., is a Pennsylvania corporation with a principal place of business located at 4200 Industrial Blvd., Aliquippa, Pennsylvania 15001.

5. Defendant is a wholly-owned subsidiary of PGT Trucking, Inc., a Pennsylvania corporation with a principal place of business located at 4200 Industrial Blvd., Aliquippa, Pennsylvania 15001.

6. At all times relevant hereto, Patrick A. Gallagher has been the CEO of both Defendant Southern Pines Trucking, Inc., and PGT.

7. In 2018, Defendant employed more than 20 employees for each working day for at least 20 weeks of the calendar year.

8. In 2018, Defendant employed more than 50 employees within 75 miles of the location it employed Plaintiff.

### III. Factual Background

9. On or about March 14, 2016, Plaintiff began working for Defendant as its Vice President of Sales.

10. At the time of his hire, Plaintiff and Defendant executed a Confidentiality and Non-Solicitation Agreement ("Agreement"). An unsigned copy of the Agreement is attached hereto as Exhibit 1. Plaintiff does not possess a signed copy.

11. On November 30, 2017, Plaintiff underwent a hip replacement.

12. As a result of the hip replacement, Plaintiff missed one week of work.

13. Defendant covered the cost of Plaintiff's hip replacement, and subsequent physical therapy, under its self-insured employee benefit plan.

14. Defendant's CEO, Gallagher, as well as other members of management, were aware that Plaintiff would need a second hip surgery and additional physical therapy in the near future.

15. Upon information and belief, Gallagher was angry that the company would need to cover the cost of an additional surgery if he remained employed.

16. On April 23, 2018, Defendant's Chief Administrative Officer, Gerald Hickly, and Chief Financial Officer, Chad Vittone, informed Plaintiff that his employment was terminated.

17. Defendant gave Plaintiff no reason for his termination, other than that the company was "going a different direction."

18. Pursuant to Paragraph 1 of the Agreement:

> In the event that Employee's employment with Southern Pines Trucking is terminated by the Company for reasons other than those related to misconduct, violation of Company policy, insubordination, a breach of trust by acting contrary to the interests of Southern Pines Trucking, or documented performance deficiencies, the Company will pay Separation Pay to Employee in an amount equal to one (1) weeks base salary for every full year of service with the company from Employee's start date, up to a maximum of thirty (30) weeks Separation Pay.

19. Plaintiff's employment was not terminated for misconduct, violation of Company policy, insubordination, a breach of trust by acting contrary to the interests of Defendant, or documented performance deficiencies.

20. Nonetheless, Defendant failed to pay Separation Pay to Plaintiff in an amount equal to one week's base salary for every full year of service with the company.

21. Defendant was only willing to pay such Separation Pay if Plaintiff entered into a general release of all claims.

22. However, the Agreement did not require Plaintiff to execute a release of claims in order to be eligible for Separation Pay.

23. Defendant orally agreed to reimburse Plaintiff for all reasonable expenses incurred in the course of his employment, and provided Plaintiff expense reimbursement reports to request such reimbursement.

24. Prior to his termination, Plaintiff submitted expense reimbursement reports in the amount of $1,707.16.

25. However, Defendant has failed to reimburse Plaintiff in the amount of $1,707.16.

26. At the time of Plaintiff's discharge, he was 51 years old.

27. Following Plaintiff's discharge, Defendant assigned his job duties to significantly younger employees, including an employee of PGT, who were approximately 26 and 34 years old.

## Count I
## ADA: Discrimination and Retaliation

28. Plaintiff incorporates the allegations of Paragraphs 1 through 27 as if fully restated.

29. Plaintiff was an individual with a disability because he suffered from an impairment that substantially limited him in major life activities, including walking.

30. Plaintiff also had a record of such impairment, and Defendant perceived him to be disabled.

31. Plaintiff was able to perform the essential functions of his position, with or without reasonable accommodation.

32. Thus, Plaintiff was a qualified individual with a disability.

33. Defendant fired Plaintiff because of his actual or perceived disability, and/or record of such a disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).

34. Defendant fired Plaintiff based on the need to make a reasonable accommodation in the future, in violation of 42 U.S.C. § 12112(b)(5)(B).

35. Defendant fired Plaintiff in retaliation for his request for, and exercise of, the right to reasonable accommodation, in violation of 42 U.S.C. § 12203(b).

36. Defendant's violations of the ADA were undertaken with malice or reckless disregard of Plaintiff's rights under the ADA.

37. As a direct and proximate result of Defendant's discharge of Plaintiff, he has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

WHEREFORE, Plaintiff demands judgment against Defendant and requests that the Court order the following relief:

a. Defendant shall reinstate Plaintiff into the position he held, together with all benefits incident thereto, including, but not limited to wages, commissions, stock units, fringe benefits, training and seniority;

b. Defendant shall provide Plaintiff with front pay in the event reinstatement is not feasible;

c. Defendant shall compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied.

d. Defendant shall compensate Plaintiff for lost benefits, including profit sharing, stock options and/or pension benefits until Plaintiff's normal retirement date;

e. Plaintiff shall be awarded compensatory damages against Defendant to compensate him for emotional distress, humiliation, inconvenience, and like injuries;

f. Plaintiff shall be awarded punitive damages to punish Defendant and to deter Defendant and others from like conduct;

g. Defendant shall be enjoined from discriminating against Plaintiff in any manner that violates the ADA;

h. Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    i.   Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## ADEA: Discrimination

38.   Plaintiff incorporates the allegations of Paragraphs 1 through 37 as if fully restated.

39.   Defendant fired Plaintiff because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a).

40.   Defendant's discharge of Plaintiff because of his age was willful.

41.   As a direct and proximate result of Defendant's discharge of Plaintiff, he has suffered damages, including lost wages and benefits.

WHEREFORE, Plaintiff demands judgment against Defendant and requests that the Court order the following relief:

a. Defendant shall reinstate Plaintiff into the position he held, together with all benefits incident thereto, including, but not limited to wages, commissions, stock units, fringe benefits, training and seniority;

b. Defendant shall provide Plaintiff with front pay in the event reinstatement is not feasible;

c. Defendant shall compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied;

d. Defendant shall compensate Plaintiff for lost benefits, including profit sharing, stock options and/or pension benefits until Plaintiff's normal retirement date;

e. Final judgment shall be entered in favor of Plaintiff and against Defendant for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

f. Defendant shall be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

    g. Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    h. Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

## Count III
## ERISA: Retaliation

42. Plaintiff incorporates the allegations of Paragraphs 1 through 41 as if fully restated.

43. Defendant's self-insured health plan is an employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA).

44. Defendant discharged Plaintiff for the purpose of interfering with the attainment of rights under its employee benefit plans, in violation of ERISA Section 510, 29 U.S.C. § 1140.

45. As a direct and proximate result of Defendant's violation of ERISA Section 510, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, attorneys' fees, and costs.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant and the following relief:

    a. Lost wages and benefits;

    b. Equitable relief in the form of reinstatement or front pay;

    c. Reasonable attorneys' fees and costs; and

    d. Such other relief as the Court may deem just and proper.

## Count IV
## FMLA: Interference and Retaliation

46. Plaintiff incorporates the allegations of Paragraphs 1 through 45 as if fully restated.

47. Plaintiff worked for Defendant for more than 1250 hours in the twelve months preceding his termination, and as such, was an eligible employee under the Family and Medical Leave Act ("FMLA").

48. Plaintiff suffered from a serious health condition that required him to have both of his hips replaced.

49. Defendant fired Plaintiff to prevent him from taking FMLA-protected leave, in violation of 29 U.S.C. § 2612(a)(1).

50. Defendant also fired Plaintiff in retaliation for his previous exercise of FMLA-protected leave, in violation of 29 U.S.C. § 2612(a)(1).

51. Defendant's violation of the FMLA was not undertaken in good faith and with reasonable grounds to believe its acts were not in violation of the FMLA.

52. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages, including lost wages and benefits.

WHEREFORE, Plaintiff demands judgment against Defendant and requests that the Court order the following relief:

   a. Defendant shall reinstate Plaintiff into the position he held, together with all benefits incident thereto, including, but not limited to wages, commissions, stock units, fringe benefits, training and seniority;

   b. Defendant shall compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied;

   c. Defendant shall compensate Plaintiff for lost benefits, including profit sharing, stock options and/or pension benefits until Plaintiff's normal retirement date;

   d. Defendant shall pay Plaintiff liquidated damages in an amount equal to lost wages and benefits;

   e. Defendant shall be enjoined from discriminating against Plaintiff in any

      manner that violates the FMLA;

    f.  Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    g.  Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

**Count V**
**Breach of Contract**

53.    Plaintiff incorporates the allegations of Paragraphs 1 through 52 as if fully restated.

54.    In a written contract (Exhibit 1), Defendant agreed to pay Plaintiff one week of Separation Pay for every full year of service with the company, provided that his termination was not due to misconduct, violation of Company policy, insubordination, a breach of trust by acting contrary to the interests of Southern Pines Trucking, or documented performance deficiencies.

55.    Plaintiff was not terminated for any of the above reasons.

56.    Nonetheless, Defendant failed to pay Plaintiff one week of Separation Pay for each full year of service, for a total of two weeks of separation pay.

57.    Defendant also failed to reimburse Plaintiff for legitimate business expenses.

58.    As such, Defendant materially breached two contracts with Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for breach of contract and the following relief:

    a.  Two weeks of Separation Pay, pursuant to Paragraph 1 of the Agreement;

    b.  Reimbursement of business expenses; and

    c.  Reimbursement of reasonable attorneys' fees and costs, pursuant to Paragraph 8(f) of the Agreement.

## Count VI
## Wage Payment and Collection Law

59. Plaintiff incorporates the allegations of Paragraphs 1 through 58 as if fully restated.

60. Both the Separation Pay set forth in Paragraph 18 and the expense reimbursement set forth in Paragraph 23 constitute "wages" within the meaning of the Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. § 260.2a.

61. Defendant failed to pay the Separation Pay within ten days of its due date, in violation of 43 Pa. Stat. § 260.3(b).

62. Defendant failed to pay the reimbursed expenses by the next regular payday, in violation of 43 Pa. Stat. §260.3(a).

63. Defendant's failure to pay Plaintiff's wages is not based on a good faith dispute as to Plaintiff's entitlement to wages.

64. Therefore, pursuant to 43 Pa. Stat. § 260.10, Plaintiff is also entitled to liquidated damages equal to 25% of the total amount of wages due.

WHEREFORE, Plaintiff demands judgment against Defendant and the following relief:

a. Damages for unpaid wages;

b. Liquidated damages equal to 25% of the total unpaid wages; and

c. Costs and attorneys' fees.

Respectfully submitted,

**ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157

100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436

Attorney for Plaintiff