IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS KAIRYS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOUTHERN PINES TRUCKING, INC., )<br>)<br>Defendant. )<br>) | 2:19-cv-1031-NR |

## ORDER

Plaintiff Thomas Kairys moves for attorneys' fees and costs, pursuant to this Court's previous opinion (ECF 131, pp. 21-23) finding that reasonable attorneys' fees and costs are appropriate under ERISA.[1] The Court grants the motion, and calculates such fees according to the lodestar method, which all parties agree is appropriate.

Defendant Southern Pines Trucking objects to certain aspects of the motion, arguing that the motion seeks excessive fees. ECF 141. But the Court finds that the rates Mr. Kairys's counsel charged are well-supported and reflective of the market rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 895 (1984).[2] Moreover, counsel's billing entries (ECF 133-8) are sufficiently

---

[1] Mr. Kairys also moves for reasonable attorneys' fees and costs pursuant to the Pennsylvania Wage Payment and Collection Law (WPCL) and the parties' contract. ECF 133,¶¶ 6-7; Ex. 2, ¶ 8(f). The Court finds that its assessment of an appropriate fee award is the same whether made pursuant to ERISA, the WPCL, or the contract.

[2] The Court agrees that the lodestar calculation as to Mr. Kairys's lead counsel, Ms. Elzer, should be made using Ms. Elzer's current hourly rate of $400/hour. *Lanni v. New Jersey*, 259 F.3d 146, 149-150 ("When attorney's fees are awarded, the current market rate must be used. The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed." (cleaned up)). Though Southern Pines contends that this rate is excessive and unreasonable, the Court notes that Judge Wiegand approved this same rate recently in *Turco v. Zambelli Fireworks Mfg. Co.*, No. 19-174, 2022 WL 395245 at *3 (W.D. Pa. Feb. 9, 2022). The rate is

specific and detailed to support the fee award requested. *See Hensley*, 461 U.S. at 433*; Ursic v. Bethlehem Mines* , 719 F.2d 670, 676 (3d Cir. 1983).

The parties agree that Mr. Kairys's limited success here warrants some reduction in fees. *Hensley*, 461 U.S. at 434-35. That is, at trial, Mr. Kairys lost on his discrimination and disability claims, but prevailed only on a relatively modest statutory wage claim ($8,104.53 in total damages), as well as the ERISA claims later submitted to the Court ($67,500 in equitable relief awarded). Mr. Kairys argues that up to a 10% fee reduction is sufficient to take into account the limited success. ECF 133, ¶¶ 9-10. Southern Pines, on the other hand, requests at least a 40% discount. ECF 141, pp. 7-8.

As the Supreme Court and Third Circuit have made clear, there is no precise mathematical formula for determining fee reductions in cases of partial success. But based on the evidence presented at trial, it is clear that a substantial portion of the case presented was tied to the claims on which Mr. Kairys did not ultimately prevail: disability discrimination and age discrimination. For example, Mr. Kairys sought back pay of approximately $535,000 and front pay of approximately $105,000 per year, in addition to compensatory damages for emotional distress. These damages— with the exception of front pay— were based almost entirely on the claims on which Mr. Kairys lost at trial. That said, as Mr. Kairys correctly points out, much of the evidence presented did overlap between the successful and unsuccessful claims, since all the claims had a "common core of facts" and were "based on related legal theories" of discrimination and pretext. *Hensley,* 461 U.S. at 435.

After considering the record, the parties' arguments, and relevant case law, the Court finds that an approximate 25% total reduction in pre-verdict fees is reasonable. Reduction in post-verdict fees, however, is not warranted. Those fees all

---

otherwise not unreasonable or out of line with current market rates, as reflected in the various declarations submitted with Mr. Kairys's motion.

relate to Mr. Kairys's successful ERISA claims, his successful motion to mold the verdict, and his counsel's fee petition. Accordingly, the Court awards a reduced fee of $90,404[3] for pre-verdict work and a full fee of $15,362.50 for post-verdict work, for a total of $105,766.50 in attorneys' fees.

Finally, Southern Pines quibbles over some of the costs claimed. Upon a review of the invoices, the Court finds that Southern Pines's objections to awarding costs are not well-taken. There is, however, one reduction that the Court will independently make. The Court will not order that Southern Pines reimburse Mr. Kairys for the ADR costs as he requests. The ADR stipulation the parties submitted in December 2019 (ECF 12) was an agreement the parties mutually reached and the Court approved that each side would pay 50% of the mediation costs. Shifting those costs after trial would be contrary to that ADR agreement and would undermine the "spirit" of the ADR cost-sharing arrangement. Therefore, the Court awards a total of $6,215.29 in costs, which equates to a reduction of the costs bill of $1,750. *See* ECF 133-10.

*\*\*\**

For the foregoing reasons, it is hereby ORDERED that Mr. Kairys's petition for attorneys' fees and costs is GRANTED in part, as discounted herein. The Court orders that Southern Pines pay Mr. Kairys a grand total of $111,981.79 in reasonable attorneys' fees and costs.

DATE: May 9, 2022  BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[3] Mr. Kairys's counsel wrote off time related solely to work on the unsuccessful claims, resulting in an approximate 5% reduction. This resulted in pre-verdict fees of $113,005. The Court discounts this total by 20%, which results in an approximate total 25% reduction and a total of $90,404 in pre-verdict fees.